# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by Superior Court of California, County of Los Angeles 12/22/2025 4:50 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Nunez, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CALIFORNIA AMFORGE CORPORATION, a Delaware Corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
KURT GERLACH, individually, and on behalf of all others similarly situated, as well as fellow Aggrieved Employees,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Spring Street Courthouse
312 N. Spring St., Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV38143

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul J. Denis, DENIS & RASI, PC, 38 Corporate Park, Irvine, CA 92606; 714-242-4557

DATE: *(Fecha)* 12/22/2025 Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court J. Nunez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**Exhibit A**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>12/22/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: J. Nunez Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV38143 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record — David W. Slayton, Executive Officer / Clerk of Court

on 12/31/2025 (Date) — By J. Nunez, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**DENIS & RASI, PC**
Paul J. Denis: SBN 279026
Ethan E. Rasi: SBN 289848
38 Corporate Park
Irvine, CA 92606
Tel: (714) 242-4557 | Fax: (213) 443-9601
pdenis@denisrasilaw.com | erasi@denisrasilaw.com

**LAW OFFICE OF WILLIAM SUNG**
William Y. Sung: SBN 287675
12235 Beach Blvd., Suite 111
Stanton, CA 90680
Tel: (949) 391-3105; Fax: (949) 608-3604
william@wyslegal.com

Attorneys for Plaintiff and putative Class Representative, KURT GERLACH, individually and on behalf of all those similarly situated

**Electronically FILED by Superior Court of California, County of Los Angeles 12/22/2025 4:50 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Nunez, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE**

| | |
|---|---|
| KURT GERLACH, individually, and on behalf of all others similarly situated, as well as fellow Aggrieved Employees;<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA AMFORGE CORPORATION, a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants | CASE NO.: 25STCV38143<br>[CLASS ACTION]<br>JUDGE:<br>DEPT:<br><br>**CLASS ACTION COMPLAINT FOR:**<br>**1. FAILURE TO PAY ALL EARNED WAGES**<br>**2. FAILURE TO PAY ALL EARNED OVERTIME WAGES**<br>**3. FAILURE TO PERMIT PAID 10 MINUTE REST PERIODS**<br>**4. FAILURE TO PROVIDE 30 MINUTE MEAL PERIODS**<br>**5. FAILURE TO TIMELY PAY ALL EARNED WAGES AND COMPENSATION**<br>**6. FAILURE TO PAY ALL EARNED WAGES AND COMPENSATION UPON CESSATION OF EMPLOYMENT**<br>**7. FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS**<br>**8. UNFAIR BUSINESS PRACTICES** |

Plaintiff and putative Class Representative, KURT GERLACH ("Plaintiff") individually, and on

behalf of all other similarly situated employees, allege:

## PARTIES

1. Plaintiff, KURT GERLACH is an adult person who is domiciled in the State of California. He brings this action individually and on behalf of all present and former non-exempt individuals who worked for Defendants, CALIFORNIA AMFORGE CORPORATION, a Delaware corporation (hereinafter "AMFORGE"); and/or DOES 1 through 25, inclusive, (collectively "Defendants") in the State of California, at any time during the period of four years prior to the filing of the complaint in this action up to the present. (hereinafter the "Class" or "Class Members")(hereinafter the period of time of four years prior to the filing of the Complaint in this action, up to, and including, the present, shall be referred to as the "Class Period")

2. The "Class" is comprised of the following Sub-Classes:

(a) Unpaid Wages and Compensation Sub-Class: Those members of the Class who earned wages and/or compensation associated with their work for Defendants at any time during the Class Period;

(b) Overtime Subclass: Those members of the Class who, associated with their work for Defendants, worked in excess of 8 hours in a day, in excess of 40 hours in a given work week, in excess of 12 hours in a day, and/or worked on the seventh consecutive day of a work week, at any time during the Class Period;

(c) Rest Period Sub-Class: Those members of the Class who, associated with their work for Defendants, worked in excess of 4 hours a day and/or those members of the Class who worked in excess of 6 hours a day, at any time during the Class Period;

(d) Meal Period Sub-Class: Those members of the Class who, associated with their work for Defendants, worked in excess of 5 hours a day and/or who worked in excess of 10 hours a day, at any time during the Class Period;

(e) Untimely Payment of Wages-Compensation Sub-Class: Those members of the Class who were paid wages and compensation by Defendants at any time during the Class Period;

(f) Waiting Time Sub-Class: Those members of the Class who were terminated or quit from the employ of Defendants at any time during the Class Period;

(g) Wage-Statement Sub-Class: Those members of the Class who Defendants provided a wage statement at any time during the Class Period;

3. Plaintiff is informed, believes, and thereon alleges that AMFORGE, at all times pertinent hereto, is a Delaware corporation, that has maintained its principal office and headquarters within the County of Los Angeles, State of California, conducted substantial operations, maintained a substantial presence, employed hundreds of employees, and undertook such other substantial actions to conduct business operations in the County of Los Angeles. Accordingly, fair play and substantial justice mandate that Defendant be compelled to submit to the jurisdiction of the courts of the State of California, in general, and the County of Los Angeles, in particular.

4. Plaintiff is informed, believe, and thereon allege that at all times pertinent hereto, Defendants, Does 1 through 25, are entities conducting business, maintaining minimum contacts and their principal office and headquarters in the State of California, having substantial connections, and undertaking such other actions to conduct operations, throughout the State of California, including, but not limited to, the County of Los Angeles. Plaintiff is informed, believe, and thereon allege that at all times pertinent hereto, Defendants, Does 15 through 25, were and are individuals conducting business, maintaining minimum contacts, having substantial connections, undertaking such other actions to conduct operations, and/or domiciled, in the State of California, and were at all times pertinent hereto, an owner, director, officer, and/or managing agent, acting on behalf of Defendants. As used herein, the term "managing agent" has the same meaning as set forth in California Civil Code § 3294(b) and California Labor Code § 558.1, and who, along with their fellow Defendants, violated, or caused to be violated, provisions of the California Labor Code regulating hours and days of work in a Wage Order of the Industrial Welfare Commission.

5. Plaintiff is ignorant of the true names and capacities of Defendant Does 1 through 25, inclusive, and, by reason thereof, sue said Defendants by their fictitious names. Plaintiff will amend this complaint to allege the true names and capacity of said Doe Defendants when same have been fully and finally ascertained.

6. Plaintiff is informed, believes, and thereon alleges that, at various times from the commencement of his employment, up to and including the present, he was employed by each of the

Defendants, and Does 1 through 25.

7. Pursuant to the terms of the applicable Wage Order, at no time relevant hereto was Plaintiff, or any fellow member of the Class, properly classified as an exempt managerial, administrative, or professional employee. Plaintiff is informed, believes, and thereon alleges that neither he nor any fellow member of the Class spent more than one-half of their time working on managerial, administrative, or professional tasks during the Class Period.

8. On behalf of the Class and the general public, Plaintiff seeks to enforce the public policy favoring compliance with labor and workplace safety and working condition standards expressed under, inter alia, Labor Code § 90.5, to wit: "It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards." Plaintiff alleges that the aforementioned conduct of Defendants violates an important right affecting the public interest, as such phrase is used in Code of Civil Procedure §1021.5.

9. Plaintiff is informed, believes, and thereon alleges that Defendants and Does 1 through 25, specifically authorized, directed or participated in the violations of California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Order, against Plaintiff and the Class, as set forth herein, and an ordinarily prudent person, knowing what the directors knew at that time, would not have acted similarly under the circumstances.

## VENUE AND JURISDICTION

10. Plaintiff is informed, believes, and thereon alleges that two-thirds (2/3) or more of the members of the proposed Class in the aggregate, at all times pertinent hereto, including, but not limited to, the period from four years prior to commencement of this action to the present, have been, and/or continue to be, domiciled in the forum state, California, the state in which this action was originally filed.

11. Plaintiff is informed, believes, and thereon alleges that Defendants are the primary defendants in this action.

12. Plaintiff is informed, believes, and thereon alleges that Defendants' acts and omissions, individually and collectively, as alleged herein, form a significant basis for the claims asserted by Plaintiff, as well as his fellow Class members, in this action.

13. Plaintiff is informed, believes, and thereon alleges that Plaintiff, as well as his fellow Class members, is seeking significant relief from Defendants.

14. Plaintiff is informed, believes, and thereon alleges that the principal injuries sustained by Plaintiff, as well as his fellow Class members, as alleged herein, resulted from, inter alia, the conduct of Defendants, individually and collectively, and were incurred in the forum state of California.

15. Plaintiff is informed, believes, and thereon alleges that the claims asserted in this action do not involve matters of national or interstate interest; rather, this Class action involves a local controversy of the forum state - California.

16. Plaintiff is informed, believes, and thereon alleges that the claims asserted in this action will be governed exclusively by the laws of the forum state - California - the state in which this action is originally filed.

17. Plaintiff is informed, believes, and thereon alleges that Defendants were and are doing business, maintained minimum contacts, maintained their principal office and headquarters, and undertook such other actions to conduct operations, in the State of California. As such, Defendants consented to the general jurisdiction of the counties wherein it conducted business in the State of California, during the Class Period, including, but not limited to, the County of Los Angeles.

18. Plaintiffs are informed, believe, and thereon allege that CALIFORNIA AMFORGE CORPORATION, a Delaware limited liability company, at all times during the Class Period, had and continues to conduct substantial operations, and undertook such other substantial actions to conduct operations, in the State of California. Accordingly, fair play and substantial justice mandate that Defendants be compelled to submit to the jurisdiction of the courts of the State of California.

19. Plaintiff is informed, believes, and thereon alleges that, at all times during the Class Period, CALIFORNIA AMFORGE CORPORATION, a Delaware corporation; and Does 1 through 25, were registered with the California Secretary of State to conduct business in the State of

California. Accordingly, Defendants consented to the State of California's general jurisdiction, in general, and the Superior Court for the County of Los Angeles, in particular, concerning causes of action brought against said parties arising of their business operations in the State of California.

20. Plaintiff is informed, believes, and thereon alleges that this action is brought in the Los Angeles County Superior Court for the State of California as said forum has a distinct nexus with Plaintiff, his fellow Class members, the harm alleged, as well as Defendants.

21. Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, the aggregate of the individuals who comprise the Class, who were or are domiciled the forum State of California, the state in which the action was originally filed, is substantially larger than the number of those domiciled in any other state, and the domicile of the other members of the Class is dispersed among a substantial number of states.

22. Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, the claims alleged in this action, and the causes of action derived therefrom, do not involve federal questions.

23. At times pertinent hereto, Plaintiff, as well as his fellow Class members, as employees of Defendants, performed work, and Defendants' liability arose, in the County of Los Angeles, in the State of California.

24. Venue is appropriate in Los Angeles County in that venue in a failure to pay wages claim against an employer is proper in the location where the work was performed. (*Owens v. Paraco, Inc.* (1958) 160 Cal.App.2d 824). Defendants' liability arose in Los Angeles County, where they committed violations of applicable provisions of the California Business and Professions Code, California Labor Code, and applicable Industrial Welfare Commission Wage Orders, as detailed herein.

## JOINT EMPLOYER

25. Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, the named Defendants, Does 1 through 25, and each of them, were acting as the agent and/or employee of each remaining defendant, and were acting within the course and scope of said principal-agency and/or employment relationship, and directed, authorized and/or ratified the conduct

set forth in detail herein. Plaintiff is further informed, believes, and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that the damages sustained by Plaintiff, as well as his fellow Class members, as herein alleged, were proximately caused by such Defendants, and each of them.

26. Plaintiff is informed, believes, and thereon alleges that Defendants were, at all times pertinent hereto, joint employers of the named Plaintiff, and other members of the Class, as they exercised joint control over and/or right to assign, place and/or supervise the Class Members' work or working conditions, maintained joint authority to hire and fire employees, supervised and controlled employee work schedules and employment conditions, determined rate and method of payment, and/or jointly maintained employment records.

27. Plaintiff is informed, believes, and thereon alleges that, at all times relative hereto, Plaintiff, as well as his fellow Class Members, performed work that simultaneously benefitted each of the Defendants.

28. Plaintiff is informed, believes, and thereon alleges that at all times pertinent hereto, there existed an arrangement between Defendants to share the employee's services, and each Defendant acted, either directly or indirectly, in the interest of their fellow Defendants in relation to the employment of Plaintiff, as well as his fellow Class Members.

**ALTER EGO – AGENCY**

29. Plaintiff is informed, believes, and thereon alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants and Does 1-25, inclusive, such that any corporate individuality and separateness between said parties has ceased and that Defendants are the alter ego of each other Defendant, in that the businesses of Defendants are so completely dominated, controlled, managed, and operated by their fellow Defendants, that the Defendants function as a mere instrumentalities through which their fellow Defendants conduct their business.

30. Plaintiff is informed, believes, and thereon alleges that adherence to the fiction of the existence of Defendants as entities separate and distinct from their fellow Defendants would permit an abuse of the corporate/limited liability company privilege and would sanction fraud and promote

injustice in that Plaintiffs, as well as their fellow Class Members, could be denied a full recovery in the event that the assets of Defendants are insufficient to satisfy a judgment entered against them in this action. The corporate/limited liability company veil established by Defendants should be pierced and the alter ego doctrine applied in the context of this action.

31. Plaintiff is informed, believes, and thereon alleges that Defendants are individuals, directors, officers and shareholders of their fellow Defendants, who influence and govern their fellow Defendants, and/or were actors in the course of the conduct constituting the abuse of the corporate/limited liability company privilege, treating their fellow Defendants, as their alter ego, rather than as a separate entity, failing, inter alia, to contribute capital, issue stock, or otherwise complete formation of the corporation, using corporate assets as their own, commingling corporate/limited liability company funds with their personal funds, and/or failing to observe corporate/limited liability company formalities. Further, each Defendant utilized their fellow Defendants to circumvent the applicable provisions, and frustrate the statutory policies, of the California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Orders, as set forth herein.

32. Plaintiff is informed, believes, and thereon alleges that it would sanction a fraud or promote an injustice to uphold the corporate/limited liability company entities of Defendants, and allow the shareholders of Defendants, to escape personal liability for his/her/their debts to Plaintiff, as well as their fellow Class Members.

33. Plaintiff is informed, believes, and thereon alleges that Defendants, specifically authorized, directed or participated in the violations of California Business and Professions Code, California Labor Code and applicable Industrial Welfare Commission Wage Orders, against Plaintiffs, as well as their fellow Class Members, and Aggrieved Employees, as set forth herein, and an ordinarily prudent person, knowing what the directors knew at that time, would not have acted similarly under the circumstances.

**SUCCESSOR LIABILITY**

34. Plaintiff is informed, believes, and thereon alleges that, at all times pertinent hereto, Labor Code §200.3 provided in pertinent part that a successor to a judgment debtor shall be liable for

any wages, damages, and penalties owed to any of the judgment debtor's former workforce pursuant to a final judgment, after the time to appeal therefrom has expired and for which no appeal therefrom is pending.

35. Plaintiff is informed, believes, and thereon alleges that, at all times pertinent hereto, pursuant to California law, including, but not limited to Labor Code§200.3, each Defendant, and Does 1 through 25, individually and collectively, were judgment debtors to Plaintiff and his fellow Class members, for the damages, restitution, wages, premium compensation, and interest thereon, as well as statutory and civil penalties, alleged in this Complaint.

36. Plaintiff is informed, believes, and thereon alleges that, at all times pertinent hereto, each Defendant, and Does 1 through 25, individually and/or collectively: (i) used substantially the same facilities or substantially the same workforce to offer substantially the same services as the judgment debtor; (ii) had substantially the same owners or managers that control the labor relations as the judgment debtor; (iii) employed as a managing agent any person who directly controlled the wages, hours, or working conditions of the affected workforce of the judgment debtor. The term managing agent has the same meaning as in subdivision (b) of Section 3294 of the Civil Code; and/or (iv) operated a business in the same industry and the business has an owner, partner, officer, or director who is an immediate family member of any owner, partner, officer, or director of the judgment debtor.

## APPLICABLE WAGE AND HOUR STANDARDS

37. At all times pertinent hereto, California Business and Professions Code §17200 provided in pertinent part: “As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.”

38. At all times pertinent hereto, California Business and Professions Code §17201 provided in pertinent part: “As used in this chapter, the term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons.”

39. At all times pertinent hereto, California Business and Professions Code §17202 provided in pertinent part: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

40. At all times pertinent hereto, California Business and Professions Code §17203 provided in pertinent part: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure…"

41. At all times pertinent hereto, California Business and Professions Code §17205 provided in pertinent part: "Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state."

42. At all times pertinent hereto, pursuant to California law, including, but not limited to, Labor Code § 1197-1198, it was unlawful to pay less than the wage established by law or to employ persons in excess of the hours fixed by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the Industrial Wage Commission Wage Orders codified at 8 Cal. Code Reg., Division 1 (the "IWC Wage Orders").

43. At all times pertinent hereto, 8 Cal. Code Reg. ("CCR") section 11070 (Industrial Welfare Commission, Industry and Occupation Orders, Wage Order (the "Wage Order"), which applies to Plaintiffs, as well as their fellow Class Members' employment with Defendants, required that each non-exempt employee working at least 3.5 hours must be given a paid rest period of not less than ten consecutive minutes, uninterrupted, where the employee is relieved of all duties; and a second rest period of not less than ten consecutive minutes be given to each non-exempt employee working at least six hours in any given workday.

44. At all times pertinent hereto, the Wage Order required that each employee working at least five hours must be given a paid or unpaid meal period of not less than thirty consecutive minutes, uninterrupted, where the employee is relieved of all job duties; and that a second meal period of not less than thirty consecutive minutes, uninterrupted, be given to each employee working at least ten hours in any given workday. Further, unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

45. At all times pertinent hereto, Labor Code § 200 defined “wages” as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

46. At all times pertinent hereto, Labor Code 200.3 provided in pertinent part that a successor to a judgment debtor shall be liable for any wages, damages, and penalties owed to any of the judgment debtor's former workforce pursuant to a final judgment, after the time to appeal therefrom has expired and for which no appeal therefrom is pending.

47. At all times pertinent hereto, Labor Code § 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

48. At all times pertinent hereto, Labor Code § 202 provided that if an employee not having a written contract for a definite period quits their employment, their wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

49. At all times pertinent hereto, Labor Code § 203 provided that an employer who willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall

continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

50. At all times pertinent hereto, Labor Code § 204 provided that all wages, other than those mentioned in Labor Code §§ 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

51. At all times pertinent hereto, Labor Code §216 provided in pertinent part: "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made. (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, their employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

52. At all times relevant hereto, Labor Code § 218 provided, in pertinent part: "…Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

53. At all times relevant hereto, Labor Code § 218.5 provided, in pertinent part: "(a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith…."

54. At all times relevant hereto, Labor Code § 218.6 provided: "In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of

interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

55. At all times pertinent hereto, Labor Code § 226 provided in pertinent part: "An employer, semimonthly or at the time of each payment of wages, furnish each of their employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee,...(4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

56. At all times pertinent hereto, Labor Code § 226.3 provided: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake."

57. At all times pertinent hereto, Labor Code § 226.7 provided in pertinent part:

"…(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

(d) A rest or recovery period mandated pursuant to a state law, including, but not limited to, an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, shall be counted as hours worked, for which there shall be no deduction from wages. This subdivision is declaratory of existing law.

58. At all times pertinent hereto, the applicable Industrial Welfare Commission Wage Order and Labor Code § 510 provided in pertinent part:

"(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work…."

59. At all times pertinent hereto, Labor Code § 512 provided in pertinent part:

"(a) An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a

second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived…."

60. At all times pertinent hereto, Labor Code § 558 provided in pertinent part: "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

61. At all times pertinent hereto, Labor Code § 558.1 provided:

"(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law."

62. At all times relevant hereto, Labor Code § 1174 provided in pertinent part:

"Every person employing labor in this state shall:…

(c) Keep a record showing the names and addresses of all employees employed and the ages of all minors.

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

63. At all times relevant hereto, Labor Code § 1174.5 provided:

"Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

64. Plaintiff is informed, believes, and thereon alleges that, for the period of January 1, 2021, to December 31, 2021, the minimum wage for all industries where the employer had twenty-six (26) employees or more, such as Defendants, was not less than fourteen dollars ($14.00) per hour.

65. Plaintiff is informed, believes, and thereon alleges that, for the period of January 1, 2022, to December 31, 2022, the minimum wage for all industries where the employer had twenty-six (26) employees or more, such as Defendants, was not less than fifteen dollars ($15.00) per hour.

66. Plaintiff is informed, believes, and thereon alleges that, for the period of January 1, 2023, to December 31, 2023, the minimum wage for all industries where the employer had twenty-six (26) employees or more, such as Defendants, was not less than fifteen dollars and fifty cents ($15.50) per hour.

67. Plaintiff is informed, believes, and thereon alleges that, for the period of January 1, 2024, to December 31, 2024, the minimum wage for all industries where the employer had twenty-six (26) employees or more, such as Defendants, was not less than sixteen dollars ($16.00) per hour.

68. Plaintiff is informed, believes, and thereon alleges that, for the period of January 1, 2025, up to the filing of this Complaint, the minimum wage for all industries where the employer had

twenty-six (26) employees or more, such as Defendants, was not less than sixteen dollars ($16.50) per hour.

69. Plaintiff is informed, believes, and thereon alleges that, during the Class Period, Defendants failed to pay in accordance with respective minimum wage standards of the various counties and cities of the State of California in which Plaintiffs, as well as their fellow Class Members, performed work for Defendants.

70. At all times pertinent hereto, Labor Code § 1194 provided, "(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. (b) The amendments made to this section by Chapter 825 of the Statutes of 1991 shall apply only to civil actions commenced on or after January 1, 1992."

71. At all times pertinent hereto, Labor Code § 1194.2 provided in pertinent part: "(a) In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise."

72. At all times pertinent hereto, Labor Code § 1194.3 provided: "An employee may recover attorney's fees and costs incurred to enforce a court judgment for unpaid wages due pursuant to this code."

73. At all times pertinent hereto, Labor Code § 1197 provided: "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

74. At all times pertinent hereto, Labor Code § 1197.1 provided in pertinent part:

"(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ((1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.00) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

75. At all times pertinent hereto, Labor Code § 1198 provided: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

76. Plaintiff, individually and on behalf of all others similarly situated of the Class, and fellow Aggrieved Employees, seeks recovery of wages, restitution, as well as penalties, for each day

to which they and fellow members of the Class, were subject to the unlawful conduct of Defendants, to wit: denied wages; underpaid for actual hours of work; not compensated at the proper rate for hours worked; not permitted valid ten (10) consecutive minute, uninterrupted rest periods, relieved of all job duties; were not provided valid thirty (30) consecutive minute, uninterrupted meal periods, relieved of all job duties; not timely paid all earned wages and compensation; were provided inaccurate and incomplete wage statements; not paid all wages earned at the time of the termination of their employment relationship with Defendants.

77. Plaintiff, individually and on behalf of all other similarly situated members of the Class, also seeks remedies for unfair competition and unlawful, unfair, or fraudulent business practices, all of which deprived Plaintiff, as well as his fellow Class Members, of their proper wages and compensation, in a calculated effort by Defendants to illegally reduce payroll costs and increase Defendants' profits.

**CLASS ACTION ALLEGATIONS**

78. Plaintiff advances this putative Class Action, individually and on behalf of all other similarly situated members of the putative Class, pursuant to applicable laws of the State of California.

79. Plaintiff KURT GERLACH is an adult person who is domiciled in the State of California. He brings this action individually and on behalf of all present and former non-exempt individuals (excluding clerical and administrative personnel) who worked for Defendants, CALIFORNIA AMFORGE CORPORATION, a Delaware corporation; and/or DOES 1 through 25, inclusive, (collectively "Defendants") in the State of California, at any time during the period of four years prior to the filing of the complaint in this action up to the present. (hereinafter the "Class" or "Class Members")(hereinafter the period of time of four years prior to the filing of the Complaint in this action, up to, and including, the present, shall be referred to as the "Class Period")

80. The "Class" is comprised of the following Sub-Classes:

a. Unpaid Wages and Compensation Sub-Class: Those members of the Class who earned wages and/or compensation associated with their work for Defendants at any time during the Class Period;

b. Overtime Subclass: Those members of the Class who, associated with their work for Defendants, worked in excess of 8 hours in a day, in excess of 40 hours in a given work week, in excess of 12 hours in a day, and/or worked on the seventh consecutive day of a work week, at any time during the Class Period;

c. Rest Period Sub-Class: Those members of the Class who, associated with their work for Defendants, worked in excess of 4 hours a day and/or those members of the Class who worked in excess of 6 hours a day, at any time during the Class Period;

d. Meal Period Sub-Class: Those members of the Class who, associated with their work for Defendants, worked in excess of 5 hours a day and/or who worked in excess of 10 hours a day, at any time during the Class Period;

e. Untimely Payment of Wages-Compensation Sub-Class: Those members of the Class who were paid wages and compensation by Defendants at any time during the Class Period;

f. Waiting Time Sub-Class: Those members of the Class who were terminated or quit from the employ of Defendants at any time during the Class Period;

g. Wage-Statement Sub-Class: Those members of the Class who Defendants provided a wage statement at any time during the Class Period; and

81. Plaintiff reserves the right pursuant to the applicable law, to amend or modify the respective definitions of the Class and/or Sub-Classes to provide greater specificity and/or further division into subclasses or limitation to particular issues.

82. Plaintiff is informed, believes, and thereon alleges that the number of members of the Class exceeds one hundred (100). Consequently, the Class is so numerous that joinder of all members individually would be impractical.

83. Plaintiff is a member of the non-exempt employees comprising the Class and were employed with Defendants at their facilities and job sites in the County of Los Angeles, at various times during the period of four years prior to the filing of this action.

84. Plaintiff has no conflict of interest with his fellow members of the Class and has been able, and will continue to be able, to fairly and adequately protect the interests of all Class Members.

85. Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful employment policies and practices, raise questions of fact common to the members of the Class, including, whether Defendants: (a) refused to pay Plaintiff, as well as his fellow Class Members, all of their earned wages and compensation, including minimum, regular rate, and overtime, by requiring, inter alia, Plaintiff, as well as his fellow Class Members, to work "off-the-clock" to complete their job duties; (b) did not permit Plaintiff, as well as his fellow Class Members, to take all of their statutorily entitled rest periods; (c) did not provide Plaintiff, as well as his fellow Class Members, the opportunity to take all of their statutorily entitled meal periods; (d) failed to pay Plaintiff, as well as his fellow Class Members, one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; (e) failed to timely pay Plaintiff, as well as his fellow Class Members, all of their earned wages and compensation; (f) failed to furnish to Plaintiff, as well as his fellow Class Members, accurate Labor Code § 226 compliant wage statements; and/or (g) failed to timely pay Plaintiff, as well as hisfellow Class Members, all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting.

86. Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful employment policies and practices, raise numerous questions of law common to the members of the Class, including, without limitation: (a) whether the provisions of the Labor Code and 8 CCR § 11050 include the employer's obligation to pay all earned wages and to pay all such earned wages at the time of the termination of a member of the Class's employment; (b) Defendants legal obligation to permit members of the Class to take paid rest periods of ten (10) consecutive, uninterrupted minutes for shifts in excess of four hours and a second rest period for shifts in excess of six hours; (c) Defendants legal obligation to provide members of the Class the opportunity to take meal periods of thirty (30) consecutive, uninterrupted minutes for shifts in excess of five hours and a second meal period for shifts in excess of ten hours; (d) whether Defendants obligation to provide Labor Code § 226 compliant wage statements to the members of the Class are applicable to non-exempt employees such as the Plaintiff and their fellow members of the Class; (e) what remedies, including restitution, compensatory damages, statutory and civil penalties, wages, premium compensation, and

disgorgement of revenue, are available under California law to members of the Class who: were not paid all earned wages, compensation and benefits; were not timely paid all earned minimum, regular rate, and overtime compensation and benefits; were not paid all wages earned at the time of the termination of their employment relationship with Defendants; were not provided lawful wage statements; were not permitted to take a paid ten consecutive minute, uninterrupted, rest period for shifts worked in excess of 3.5 (3.5) hours and a second rest period of not less than ten consecutive minutes, uninterrupted, for shifts worked of at least six (6) hours in a given workday; were not provided a thirty consecutive minute, uninterrupted, meal period for shifts worked in excess of five (5) hours and a second meal period of not less than thirty consecutive minutes, uninterrupted, for shifts worked of at least ten (10) hours in a given workday; were not paid one hour of pay at the members' regular rate of pay for each paid ten (10) consecutive minute, uninterrupted, rest period that Defendants did not permit the Class members to take; were not paid one hour of pay at the members' regular rate of pay for each thirty (30) consecutive minute, uninterrupted, meal period that Defendants did not provide the Class Members to take; were not provided a compliant with Labor Code § 226 wage statement

87. Plaintiff is informed, believes, and thereon alleges that the claims of Plaintiff are typical of the claims of the members of the Class because: they encompass the same unlawful policies and practices of Defendants; they arise out of the same alleged course of conduct by Defendants; are based upon the same legal theories as the claims of the Class; and the legal issues raised under the California state laws as a result of Defendants' conduct apply equally to Plaintiff, as well as his fellow Class Members.

88. Plaintiff is informed, believes, and thereon alleges that all members of the Class are similarly situated in that, throughout their employment, they were subject to Defendants' violations of California labor law, including the following: Defendants maintained uniform policies and practices whereby Defendants regularly and systematically: (a) refused to pay Plaintiff, as well as his fellow Class Members, all of their earned wages and compensation, including minimum, regular rate, and overtime by requiring, inter alia, Plaintiff, as well as his fellow Class Members, to work "off-the-clock" to complete his job duties; (b) did not permit Plaintiff, as well as his fellow Class Members, to

take all of their statutorily entitled rest periods; (c) did not provide Plaintiff, as well as his fellow Class Members, the opportunity to take all of their statutorily entitled meal periods; (d) failed to pay Plaintiff, as well as his fellow Class Members, one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; (e) failed to timely pay Plaintiff, as well as his fellow Class Members, all of their earned wages and compensation; (f) failed to furnish to Plaintiff, as well as his fellow Class Members, accurate Labor Code § 226.7 compliant wage statements; and/or (g) failed to timely pay Plaintiff, as well as his fellow Class Members, all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting..

89. Plaintiff is informed, believe, and thereon allege that the prosecution of separate actions by or against individual members of the Class would create a risk of substantial prejudice because separate actions could result in the imposition of incompatible standards of conduct on the party opposing class certification through inconsistent findings of fact, applications of law, judgments or other such varying adjudications. Such potential inconsistent judgments or varying adjudications include, but are not limited to, the propriety of Defendants' labor policies and practices as detailed herein.

90. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy in that members of the Class have little or no interest in individually controlling the prosecution of separate actions. The putative Class member's individual claims are of a magnitude which make pursuit thereof, on an individual basis, economically unfeasible and dissuade prosecution of such meritorious claims as the economic benefit is far outweighed by the justified concern for retaliatory conduct on the part of Defendants and/or concern for impaired future job prospects as a result of the perceived stigma associated with having advanced litigation against one's previous employer.

91. Plaintiff is not aware of any pending litigation concerning the controversy already commenced by any Class Members.

92. Plaintiff is informed, believes, and thereon alleges that it is desirable to concentrate the litigation of the claims in this court because substantially all of Plaintiff's employment activities for which his claims arise took place within the venue of the above-entitled court and Defendants otherwise conduct business in this jurisdiction.

93. Plaintiff is informed, believes, and thereon alleges that this action is manageable as a class action because, compared with any other method, such as consolidation of individual actions, a class action is fairer and more efficient, avoids the potential for inconsistent findings of fact and/or application of law, and would not present the parties, the members of the putative class, or the Court with significant procedural or administrative difficulties in management thereof as a class action. Furthermore, a class action would maximize judicial efficiency and minimize the inconvenience to both party and non-party witnesses who would otherwise have to testify in a multitude of proceedings.

94. Plaintiff is informed, believes, and thereon alleges, that Plaintiff contemplates the distribution of a precertification notice to the putative class in accordance with the mandates of the U.S. Supreme Court in the case of *Gulf Oil Co. v. Bernard* (1981) 452 U.S. 89. In *Gulf Oil*, supra, the U.S. Supreme Court noted that the general policies embodied in Federal Rule of Civil Procedure Rule 23 include allowing class representatives to inform potential class members of the existence of the lawsuit; to obtain information about the merits of the lawsuit; as well as obtain information about the merits of the case from the persons they seek to represent. The policy considerations for the distribution of a precertification notice were subsequently affirmed by the California Supreme Court in the case of *Pioneer Electronics (USA), Inc. v. Superior Court* (2007), 40 Cal.4th 360 (*Pioneer*), wherein the Court held that parties should have equal access to potential class members for discovery purposes.

95. Plaintiff is informed, believes, and thereon alleges that notice to the Class is warranted, so as to provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Said notice will clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class to be certified; (iii) the class claims, issues; (iv) that a putative class member may enter an

appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under California law.

96. Plaintiff is informed, believes, and thereon alleges that Paul J. Denis and Ethan E. Rasi, of Denis & Rasi, PC, and William Y. Sung of the Law Office of William Sung, individually and collectively, are able to adequately represent Plaintiff, as well as his fellow Class Members, as class counsel with respect to the claims advanced in this action.

## FIRST CAUSE OF ACTION

### (FAILURE TO PAY ALL EARNED WAGES)

### (Against All Defendants)

97. Plaintiff hereby realleges and incorporates by reference all facts and allegations alleged in this Complaint as though fully set forth herein.

98. Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiff and members of the Class were not exempt managerial, administrative, or professional employees.

99. Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully failed to pay Plaintiff and other similarly situated members of the Class for all the time worked as a result of Defendants' labor policies and practices, including, but not limited to: (a) requiring members to perform work prior to the members clocking at the beginning of the each shift. Defendants directed each member to properly don the appropriate PPE ("Personal Protection Equipment") before each member was/is permitted to be on the factory floor to operating forging equipment. Said unlawful practice resulted in uncompensated earned hours worked for which Plaintiff and members of the Class should have received compensation for minimum wage and/or at an overtime rate to wages calculated at their regular rate of pay.

100. Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully failed and refused and continue to fail and refuse to pay compensation for all hours worked by Plaintiffs and the Class at their regular rate of pay.

101. As a result of Defendants' conduct, Plaintiffs, as well as their fellow Class Members, are entitled to a recovery of damages for all unpaid wages at the proper rates of pay as restitution from Defendants.

102. At all times pertinent hereto, California Labor Code § 1194 provided: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

103. At all times pertinent hereto, California Labor Code § 1194.2 provides for the recovery of prejudgment interest in any action brought to recover the nonpayment of wages, at the rate specified in Civil Code § 3289.

104. Plaintiff is informed, believe, and thereon allege that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to deprive the Plaintiff, as well as his fellow Class Members, of monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including those which carry criminal penalties for noncompliance.

**SECOND CAUSE OF ACTION**

**(FAILURE TO PAY ALL EARNED OVERTIME WAGES)**

**(Against All Defendants)**

105. Plaintiff hereby realleges and incorporates by reference all facts and allegations alleged in this Complaint as though fully set forth herein.

106. Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiffs, as well as their fellow Class Members, were not exempt managerial, administrative, or professional employees.

107. Plaintiff is informed, believe, and thereon allege that for each day and week within the applicable limitations period, during the course of their employment with Defendants, Plaintiff, as well as his fellow Class Members, performed work without being paid the required overtime wage under California law, including, but not limited to, the Wage Order and Labor Code § 1182.12.

108. Plaintiff is informed, believes, and thereon alleges that for each day and week within the applicable limitations period, during the course of their employment with Defendants, Plaintiff, as well as his fellow Class Members, performed work in excess of eight hours per day, forty hours per week, and/or the first eight hours of work on a seventh consecutive day as well as double their regular rate of pay for work in excess of twelve hours per day or in excess of eight hours on the seventh consecutive day of work, without being paid the required overtime wages under California law, including, but not limited to, the Wage Order and Labor Code §§ 510, 512.

109. Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully failed, refused and continue to fail and refuse to pay Plaintiff, as well as his fellow Class Members, one and one-half times their regular rate of pay for hours worked in excess of 8 hours in a given day, 40 hours in a given seven day period, in addition to the first 8 hours of the seventh consecutive day of work; as well as double their regular rate of pay for work in excess of twelve hours per day, or in excess of eight hours on the seventh consecutive day of work.

110. Plaintiff is informed, believes, and thereon alleges that Defendants unlawfully failed not accurately record all hours worked, time from the hours worked by Plaintiff, as well as his fellow Class Members, despite the fact that they began to work prior to the start of their scheduled shift. Said unlawful failure to accurately record all hours worked thereby substantially reducing the earned hours worked for which Plaintiffs and members of the Class received their minimum wage and/or improperly changed payment of hours that should have been compensated at an overtime rate to wages calculated at their regular rate of pay.

111. As a result of Defendants' conduct, Plaintiff, as well as his fellow Class Members, are entitled to a recovery of damages for all unpaid overtime wages at the proper rates of pay as restitution from Defendants.

112. At all times pertinent hereto, California Labor Code § 1194 provided: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit".

113. At all times pertinent hereto, California Labor Code § 1194.2 provided for the recovery of prejudgment interest in any action brought to recover the nonpayment of minimum wages and overtime wages at the rate specified in Civil Code § 3289.

114. At all times pertinent hereto, Labor Code § 1194.3 provided for the recovery of attorney's fees and costs in any action brought to recover the nonpayment of minimum or overtime wages.

115. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, or ratified the conduct herein alleged with the intent to deprive Plaintiffs, as well as their fellow Class Members, of the minimum and overtime wages to which they were entitled under California law so as to increase Defendants' profits, notwithstanding their statutory obligations, including those which carry criminal penalties for noncompliance.

**THIRD CAUSE OF ACTION**

**(FAILURE TO PERMIT PAID 10 MINUTE REST PERIODS)**

**(Against All Defendants)**

116. Plaintiff hereby realleges and incorporates by reference all facts and allegations alleged in this Complaint as though fully set forth herein.

117. Plaintiff is informed, believes, and thereon alleges that Defendants have promulgated and enforced policies and practices under which Plaintiff, as well as his fellow Class Members, regularly worked shifts in excess of four hours without being permitted the opportunity to take a paid rest period of at least ten (10) consecutive minutes, uninterrupted, relieved of all job duties, and worked more than six (6) hours at a time without being allowed a second paid ten (10) consecutive minute, uninterrupted, rest period, relieved of all job duties.

118. Plaintiff is informed, believes, and thereon alleges that no member of the Class has ever been paid their earned compensation for work performed by members of the Class during the rest period to which they were entitled, yet not provided the opportunity to take, as well as additional monies required under Labor Code § 226.7. Instead, Defendants have unlawfully failed and refused and continue to fail and refuse to pay monies to Plaintiff, as well as his fellow Class Members, for

labor performed during the rest periods which Defendants refused to permit Plaintiff, as well as his fellow Class Members, opportunity to take said rest breaks.

119. Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to deprive the Plaintiff, as well as his fellow Class Members, of the monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including obligations which carry criminal penalties for noncompliance.

**FOURTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE 30 MINUTE MEAL PERIODS)**

**(Against All Defendants)**

120. Plaintiff hereby realleges and incorporates by reference all facts and allegations alleged in this Complaint as though fully set forth herein.

121. Plaintiff is informed, believes, and thereon alleges that during each day and week of each pay period within the applicable limitations period, Defendants promulgated and enforced policies and practices under which the Plaintiff, as well as his fellow Class Members, regularly worked more than five (5) hours at a time without being permitted the opportunity to take a meal period of at least thirty (30) consecutive minutes, uninterrupted, relieved of all job duties, and worked more than ten (10) hours at a time without being allowed a second thirty (30) consecutive minute, uninterrupted, meal period, relieved of all job duties.

122. The nature of the work performed by Plaintiff, as well as his fellow Class Members, did not prevent them from being relieved of all job duties.

123. Plaintiff is informed, believes, and thereon alleges that neither Plaintiff nor his fellow members of the Class have ever been paid their earned compensation for work they performed during the meal period to which they were entitled, yet not provided the opportunity to take, as well as additional monies required under Labor Code § 226.7. Instead, Defendants unlawfully failed, refused and continue to fail and refuse to pay monies to Plaintiff and the Class for labor performed during the

meal periods which Defendants refused to provide Plaintiff, as well as his fellow Class Members, the opportunity to take.

124. Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to deprive the Plaintiffs, as well as their fellow Class Members, of monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including obligations which carry criminal penalties for noncompliance.

**FIFTH CAUSE OF ACTION**

**(FAILURE TO TIMELY PAY ALL EARNED WAGES AND COMPENSATION)**

**(Against All Defendants)**

125. Plaintiff hereby realleges and incorporates by reference the allegations set forth in this Complaint as though fully set forth herein.

126. At all times pertinent hereto, California law, including, but not limited to, Labor Code § 204 provided that all wages, other than those mentioned in Labor Code § 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

127. Plaintiff is informed, believes, and thereon alleges that Defendants failed to timely tender Plaintiff, as well as his fellow Class Members, all of their earned minimum, regular rate, and overtime wages, and Labor Code §226.7 compensation, in accordance with California law, including, but not limited to, Labor Code § 204, such that labor performed between the 1st and 15th days, inclusive, of any calendar month was not paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day,

inclusive, of any calendar month, was not paid for between the 1st and 10th day of the following month.

128. Plaintiff is informed, believes, and thereon alleges that as a consequence of Defendants' failure to timely tender Plaintiff, as well as his fellow Class Members, all of their earned minimum, regular-rate and overtime wages, as well as Labor Code § 226.7 compensation, that Plaintiff, as well as his fellow Class Members, were deprived of the timely receipt of their earned wages and other compensation and, as a result thereof, were deprived of the interest and monetary appreciation that would accrue on said monies - financial growth which Defendants were afforded the opportunity to realize as a consequence of their unlawful and unfair withholding of the wages and compensation earned by, and due and owing, Plaintiff, as well as his fellow Class Members.

129. At all times pertinent hereto, California law, including, but not limited to, Labor Code § 215 provided, "Any person, or the agent, manager, superintendent or officer thereof, who violates any provision of Section…, 204,… is guilty of a misdemeanor. Any failure to keep posted any notice required by Section 207 is prima facie evidence of a violation of these sections."

130. At all times pertinent hereto, California law, including, but not limited to, Labor Code § 216 provided, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made. (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, their employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

131. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, or ratified the conduct herein alleged with the intent to deprive Plaintiff and fellow members of the Class of the wages and premium compensation to which they were entitled under California law so as to increase Defendants' profits, regardless of their statutory obligations, including those which carry criminal penalties for noncompliance.

///

**SIXTH CAUSE OF ACTION**

**(FAILURE TO PAY ALL EARNED WAGES AND COMPENSATION UPON TERMINATION OF EMPLOYMENT)**

**(Against All Defendants)**

132. Plaintiff hereby realleges and incorporates by reference all facts and allegations alleged in this Complaint as though fully set forth herein.

133. Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Plaintiff and/or members of the Class's employment relationship with Defendants was terminated without Defendants paying all wages and compensation due Plaintiff, as well as his fellow Class Members, in the time period prescribed by the Labor Code.

134. Plaintiff is informed, believes, and thereon alleges that Plaintiff, as well as his fellow Class Members, have been available and ready to receive the wages and compensation owed to them.

135. Plaintiff is informed, believes, and thereon alleges that Plaintiff, as well as his fellow Class Members, have not refused to receive any payment, nor have Plaintiff or his fellow members of the Class been absent from their regular place of residence to receive the wages and compensation due and owing them by Defendants.

136. Plaintiff is informed, believes, and thereon alleges that Defendants' failure to pay Plaintiff, as well as his fellow Class Members, their wages and compensation due and owing, as set forth in detail herein, was willful.

137. Plaintiff is informed, believes, and thereon alleges that Defendants have knowingly refused to pay Plaintiffs, as well as their fellow Class Members, all wages and compensation due and owing Plaintiff, as well as his fellow Class Members.

138. At all times pertinent hereto, Labor Code § 203 provided that an employer who willfully fails to pay, without abatement or reduction, in accordance with Labor §§ 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the daily wages of the employee shall continue as a penalty from the due date thereof at the same daily rate until paid or until an action therefore is commenced up to, but not more than thirty (30) days.

139. At all times pertinent hereto, Labor Code § 216 provided that in addition to any other penalty imposed by the article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who: (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made; (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, their employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due.

140. At all times pertinent hereto, California law, including, but not limited to, Labor Code § 1194, provided that for any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

141. At all times pertinent hereto, Labor Code § 1194.2 provided that in any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in Civil Code § 3289(b), which shall accrue from the date that the wages were due and payable.

142. Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective officers, directors, and managing agents, ordered, authorized, approved and/or ratified the conduct herein alleged with intent to deprive the Plaintiff and his fellow members of Class of the monies to which they were entitled under California law, so as to increase Defendants' profits, regardless of their statutory obligations, including those which carry criminal penalties for noncompliance.

**SEVENTH CAUSE OF ACTION**

**(FAILURE TO PROVIDE LAWFUL WAGE STATEMENTS)**

**(Against All Defendants)**

143. Plaintiff hereby realleges and incorporates by reference all facts and allegations alleged in this Complaint as though fully set forth herein.

///

144. At all times pertinent hereto, California Labor Code § 226 required Defendants, at the time of each payment of wages, to furnish Plaintiff, as well as his fellow Class Members, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee,... (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

145. Plaintiff is informed, believes, and thereon alleges that for each day and week of each pay period within the applicable limitations period, Defendants failed to provide Plaintiff, as well as his fellow Class Members, with an accurate itemized statement in writing that complied with Labor Code § 226, including, but not limited to, the following: failing to accurately report the total number of hours actually worked by Plaintiff, as well as his fellow Class Members; failing to accurately record all earned overtime; and accurately record the corresponding number of hours worked at each hourly rate by Plaintiff and their fellow members of the Class.

146. As a result of Defendants' failure, Plaintiff, as well as his fellow Class Members, are entitled to recover the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurred and one hundred dollars per for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, plus costs and reasonable attorney's fees pursuant to California law, including, but not limited to, Labor Code § 226(e).

147. Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to deprive the Plaintiffs, as well as their fellow Class Members, of monies to which they were and are entitled under California law, so as to increase Defendants' profits, notwithstanding clear statutory obligations, including obligations which carry criminal penalties for noncompliance.

**<u>EIGHTH CAUSE OF ACTION</u>**

**(UNFAIR BUSINESS PRACTICES)**

**(Against All Defendants)**

153. Plaintiff hereby realleges and incorporates by reference all facts and allegations alleged in this Complaint as though fully set forth herein.

154. Plaintiff is informed, believe, and thereon allege that during the Class Period, Defendants committed unfair and unlawful business acts, as those terms are defined in Business and Professions Code §17200, et seq., and reaped substantial unjust revenue by, inter alia: (a) failing to pay Plaintiff, as well as his fellow Class Members, all of their earned wages and compensation, including minimum, regular rate, and overtime; (b) failing to permit Plaintiff, as well as his fellow Class Members, to take all of their statutorily entitled rest periods; (c) failing to provide Plaintiff, as well as his fellow Class Members, the opportunity to take all of their statutorily entitled meal periods; (d) failing to pay Plaintiff, as well as his fellow Class Members, one hour of compensation at their regular rate of pay, for each earned rest period not permitted and/or each earned meal period not provided; (e) failing to timely pay Plaintiff, as well as his fellow Class Members, all of their earned wages and compensation; (f) failing to furnish to Plaintiff, as well as his fellow Class Members, accurate Labor Code § 226 compliant wage statements; (g) failing to timely pay Plaintiff, as well as his fellow Class Members, all of their earned wages, compensation and benefits immediately at the termination of their employment or within seventy-two hours of them quitting; and/or (g) failing to abide by other provisions of the California Labor Code and the applicable Industrial Welfare Commission Wage Order. Such conduct by Defendants constitutes unfair competition and unfair business practices, as such terms are described in Business and Professions Code §17200, et seq.

155. Pursuant to Business and Professions Code § 17203, the court is authorized to make such orders or judgments as may be necessary to prevent the use or employment by any such person or entity of any such practice which constitutes unfair competition or as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

156. Plaintiff is informed, believes, and thereon alleges that Defendants have violated California labor law as detailed herein and, unless restrained and ordered to disgorge to Plaintiff, as well as their fellow Class Members, as restitution, all ill-gotten revenue derived from Defendants' unfair and unlawful business practices detailed herein, Defendants will continue to violate Unfair Competition Law by engaging in the business practices violative of California labor law as detailed hereinabove.

## PRAYER

NOW, THEREFORE, the Plaintiff, individually, and on behalf of his fellow members of the Class, pray for judgment against Defendants, Does 1 through 25, and each of them, as follows:

1. For certification of the Class and all Sub-Classes on all causes of action;

2. For all earned minimum, regular rate, overtime, and double time wages as restitution and compensatory damages in an amount according to proof at the time of trial;

3. For restitution and compensatory damages according to proof at the time of trial;

4. For additional monies equal to one hour of pay for each member of the Class for each work day within the statutory period of Labor Code § 226.7, in which such members worked 3.5 hours without being permitted a paid ten (10) consecutive minute, uninterrupted, rest period, relieved of all job duties, and/or worked 6 hours and not permitted a paid second ten (10) consecutive minute, uninterrupted, rest period, relieved of all job duties;

5. For additional monies equal to one hour of pay for each member of the Class for each work day within the statutory period of Labor Code § 226.7, in which such members worked five hours without being provided a thirty (30) consecutive minute, uninterrupted, meal period, relieved of all job duties, and/or worked ten hours without being provided a second thirty (30) consecutive minute, uninterrupted, meal period, relieved of all job duties;

6. For statutory and civil penalties as authorized by law including, but not limited to, the California Labor Code;

7. For the greater of actual damages sustained or penalties as authorized by law including, but not limited to, the California Labor Code;

8. For compensatory damages comprised of the following: the respective earned minimum, regular rate, and overtime wages, Labor Code § 226.7 premium pay compensation, and interest earned by Plaintiff, as well as his fellow Class Members, but not paid by Defendants, as detailed hereinabove, in an identifiable amount which Defendants were statutorily required to specify and record;

9. Liquidated damages pursuant to Labor Code §1194.2 in an amount equal to the wages unlawfully unpaid and interest thereon.

10. For injunctive relief in the form of an order compelling Defendants to cease enforcement of their policies and practices which are in violation of the California Labor Code and the applicable Industrial Welfare Commission Wage Order as detailed herein, and compel Defendants to comply with California labor law, including, but not limited to: (a) pay the Class Members all of their earned minimum, regular rate, and over-time wages and premium compensation; (b) Provide the Class Members the opportunity to take their statutorily entitled rest and meal periods and/or pay them the statutorily required premium compensation for each rest period not permitted and each meal period not provided; and (c) Provide the Class Members Labor Code §226 compliant wage statements;

11. Recovery of wages unlawfully withheld as a restitutionary remedy under the Unfair Competition Law.

12. For pre-judgment interest at the legal rate;

13. For reasonable attorney's fees and costs pursuant to California law including, but not limited to, Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 226, 1194, 2699(g)(1), and 2802, and as otherwise permitted by statute;

14. For costs of suit incurred herein; and

15. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and proposed Class Representative, KURT GERLACH, individually, and on behalf of all those similarly situated members of the Class, hereby demand trial by jury in this action.

**DENIS AND RASI, P.C.**

Dated: December 18, 2025 By:______________________________

PAUL J. DENIS
Attorneys for Plaintiff and putative Class Representative, KURT GERLACH, individually, and on behalf of all others similarly situated members of the Class

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Paul J. Denis (SBN 279026), Ethan E. Rasi (SBN 289848)
DENIS & RASI, PC, 38 Corporate Park, Irvine, CA 92606

TELEPHONE NO.: 714-242-4557 FAX NO.: 866-923-1455
EMAIL ADDRESS: pdenis@denisrasilaw.com
ATTORNEY FOR *(Name):* Plaintiff Kurt Gerlach

*FOR COURT USE ONLY*

**Electronically FILED by Superior Court of California, County of Los Angeles 12/22/2025 4:50 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Nunez, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N Spring St.
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Kurt Gerlach et al. v. California Amforge Corporation

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25STCV38143
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/20/2025
Paul J. Denis
(TYPE OR PRINT NAME) ▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



**Exhibit A**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET



**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE Gerlach v. California Amforge Corporation | CASE NUMBER 25STCV38143 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Gerlach v. California Amforge Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action (check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
| --- | --- |
| Gerlach v. California Amforge Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
| --- | --- | --- | --- |
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels __________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Gerlach v. California Amforge Corporation | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Provisionally Complex Litigation (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE Gerlach v. California Amforge Corporation | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 750 N. Vernon Ave |
|---|---|---|---|
| CITY: Azusa | STATE: CA | ZIP CODE: 91702 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ____________________ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 12/20/2025

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

*Superior Court of California, County of Los Angeles*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*

  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*